FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE LANDIN-RAMOS,<br><br>Defendant. | No. 4:19-cr-06028-SMJ<br><br>**ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT'S MOTION TO DISMISS** |

On December 5, 2019, the Court heard argument on Defendant's motion to dismiss, ECF No. 38. Defendant alleged several due process violations in the 2008 expedited removal proceedings that resulted in the order of removal underlying the indictment. At the conclusion of the hearing, the Court orally denied the motion, finding Defendant had failed to carry his burden of establishing a due process violation. This Order memorializes and supplements the Court's oral ruling.

## BACKGROUND

Defendant Jorge Landin-Ramos is an alleged citizen of Mexico charged with illegally reentering the country after previously being removed, in violation of 8 U.S.C. § 1326. ECF No. 1. The record contains two prior orders of removal. The first is from August 2006 and was entered after Defendant waived his right to a

formal hearing and stipulated to being removed. *See* ECF No. 38-1 at 2, 4–7. At the hearing on Defendant's motion to dismiss, the Government indicated it would not rely on the 2006 removal order to support the indictment.

About two years after the 2006 removal proceedings, immigration officials encountered Defendant near the U.S.-Mexico border and took him into custody. ECF No. 41-2 at 2. Border Patrol Agent Hilario Sanchez processed Defendant and investigated his eligibility to enter the country legally. *Id.* According to Agent Sanchez's report, he quickly discovered Defendant had either an immigration or criminal history. *Id.* Defendant reportedly admitted to Agent Sanchez that he was a Mexican citizen, that he did not have authorization to enter the United States, and that he had entered the country illegally before. *Id.* Agent Sanchez chose to begin expedited removal proceedings, and therefore "explained, read, and executed" Immigration and Naturalization Service Forms I-867A and B on Defendant. *Id.*

Form I-867A is the focus of Defendant's motion to dismiss. The Form used in Defendant's removal proceedings contains a series of standard, pre-printed warnings, which the applicable regulation requires the investigating immigration officer read to the alien before questioning. *See* 8 C.F.R. § 235.3(b)(2)(i). Those warnings include:

- "Before I take your statement, I also want to explain your rights, and the purpose and consequences of this interview." ECF No. 38-1 at 10.

- "You do not appear to be admissible or to have the required legal papers authorizing your admission to the United States. This may result in your being denied admission and immediately returned to your home country without a hearing. If a decision is made to refuse your admission into the United States, you may be immediately removed from this country." *Id.*

- "This may be your only opportunity to present information to me and the Immigration and Naturalization Service to make a decision." *Id.*

- "Except as I will explain to you, you are not entitled to a hearing or review." *Id.*

- "U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have a concern about being removed from the United States or about being sent home, you should tell me so during this interview because you may not have another chance. You will have the opportunity to speak privately and confidentially to another officer about your fear or concern. That officer will determine if you should remain in the United States and not be removed because of that fear." *Id.*

ECF No. 38-1 at 10. Agent Sanchez then asked, "Do you understand what I've said to you?" and Defendant replied "Yes."[1] *Id.*

Border Agent Sanchez asked Defendant several more questions and, based on his answers, determined Defendant was ineligible to enter the country. *Id.* at 9–

---

[1] Agent Sanchez's question and Defendant's purported response are recorded on the same Form I-867A as the standard warnings described above. *See* ECF No. 38-1 at 10–12. The applicable regulations require that following the interview, an alien be permitted to review his purported answers to the border agent for accuracy, make any necessary corrections, and initial each page. 8 C.F.R. § 235.3(b)(2)(i). Defendant initialed each page of the Form I-867A. ECF No. 38-1 at 10. Defendant has not represented that he was deprived of the opportunity to review his statement, nor represented that his responses were recorded inaccurately. The Court therefore concludes that Defendant did, in fact, give the answers recorded on Form I-867A.

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT'S MOTION TO DISMISS - 3

14; ECF No. 41-2 at 1–3. He therefore prepared and executed an order of removal, and Defendant was removed to Mexico the same day. ECF No. 38-1 at 9–11, 14. In April 2019 Defendant was located in the Eastern District of Washington and indicted for illegal reentry. ECF No. 1. He now moves to dismiss the indictment, alleging several deficiencies in the expedited removal proceedings described above.

## LEGAL STANDARD

To convict a defendant of illegal reentry, the Government must show that the defendant was previously removed from the country "under order of . . . removal, and then illegally reentered." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (quoting *United States v. Barajas–Alvarado*, 655 F.3d 1077, 1079 (9th Cir. 2011)). Thus, an essential element of the crime is the validity of the predicate removal order. *See id.*

A defendant charged with illegal reentry may therefore defend against the charge by attacking the validity of the prior removal proceedings. *See id.* Though the Ninth Circuit has not expressly announced which party bears the burden of proof in such a challenge, other circuits have held the Defendant must establish the removal order's invalidity by a preponderance of the evidence. *See United States v. Galcia*, Case No. 1:15CR59, 2016 WL 4054926, at *2 (E.D. Va. July 26, 2016) (collecting cases from the Third, Fourth, and Tenth Circuits). The Court finds the reasoning of those cases persuasive, and therefore adopts that standard. When the

predicate removal order was entered in expedited removal proceedings, in which no judicial or administrative review is available, the defendant must establish that the proceedings were "fundamentally unfair." 8 U.S.C. § 1326(d)(3). Fundamental unfairness requires two showings: first, that entry of the order violated the alien's due process rights, and second, that the alien suffered prejudice as a result. *Raya-Vaca*, 771 F.3d at 1202 (citing *United States v. Leon–Leon*, 35 F.3d 1428, 1431 (9th Cir. 1994).

## A. Due Process Violation

Defendant makes four arguments that the expedited removal proceedings in this case violated his due process rights, and the Court considers each in turn.

### 1. Defendant has not established the border agent failed to informed him he was in removal proceedings.

Defendant first argues "he was never informed by immigration officials that he was being deported." ECF No. 38 at 2. If proven, that would likely constitute a violation of Defendant's due process right to notice and an opportunity to respond to the charge against him. *Raya-Vaca*, 771 F.3d 1204. However, the documentary evidence—which Defendant does not dispute—undermines this claim.

The regulations governing expedited removal require that the process begin with the immigration officer reciting the warnings provided on Form I-867A, including those set out above. *See* ECF No. 38-1 at 10; *see also* 8 C.F.R. § 235.3(b)(2)(i) ("The examining immigration officer shall read (or have read) to

the alien all information contained on Form I–867A."). And "[i]n the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties." *Del Norte Cty. v. United States*, 732 F.2d 1462, 1468 (9th Cir. 1984).

These warnings include a clear notification that the alien to whom they are read is suspected of entering the country without authorization and may therefore be removed. ECF No. 38-1 at 10 ("If a decision is made to refuse your admission into the United States, you may be immediately removed from this country."). Defendant does not appear to dispute that this warning would satisfy due process, but rather contends that there is no evidence to establish whether it was read to him in Spanish, his native language.[2] But the caption to Form I-867A indicates it contains Defendant's statement made to Agent Sanchez "[i]n the Spanish language."[3] *Id.* The first question recorded on the form is "Do you understand what I've said to you?" to which Defendant responded "Yes," an exchange which would make little sense if Defendant had just been read a series of legal warnings in a

---

[2] Defendant nowhere affirmatively contends the warnings *were not* read in Spanish. He neither testified at the hearing nor submitted a sworn declaration, which defense counsel represented was because Defendant did not recall the proceedings. Defendant appears to argue simply that the documentary evidence is insufficient to conclude the warnings were read in Spanish.

[3] Form I-867A includes space for the name of the interpreter, if one is used. In this case, that space is blank, from which the Court concludes Agent Sanchez translated both the English form into Spanish and Defendant's answers in Spanish back to English. *See* ECF No. 38-1 at 10.

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT'S MOTION TO DISMISS - 6

language he did not understand. ECF No. 38-1 at 10. And Agent Sanchez's report indicates the form was "explained [and] read" to Defendant. ECF 41-2 at 2. Accordingly, the Court finds the documentary evidence is sufficient to conclude that the warning quoted above was read to Defendant in Spanish, and in the absence of testimony or other evidence to the contrary, the Court concludes Defendant was adequately advised that he was in removal proceedings.

    **2.    Defendant has not shown that the border agent failed to inform Defendant of his right to seek asylum.**

Defendant also alleges that he "was never informed that he could request asylum or protection from violence in Mexico." ECF No. 38 at 4. Because the right to seek asylum exists even in expedited removal proceedings, and because the regulations require this warning be read, the failure to do so would likely be a due process violation. 8 U.S.C. § 1225(b)(1)(A)(i); 8 C.F.R. § 235.3(b)(2)(i); (b)(4). But as above, the documentary evidence in the record undermines this claim.

The scripted warnings on Form I-867A clearly indicate that, if the alien fears returning to his home country, he can simply say so and be evaluated for potential relief from removal. ECF No. 38-1 at 10. Defendant does not appear to dispute that this warning sufficiently advises an alien of his right to apply for asylum, and therefore the only question is whether that warning was read to him in Spanish.

For the same reasons laid out above, the documentary evidence suggests it was. Following the portion of the proceedings in which Agent Sanchez was required

to read the asylum warning, he asked Defendant "Do you understand what I've said to you?" and Defendant said "Yes." ECF No. 38-1 at 10. Agent Sanchez's report says he read and explained Form I-867A to Defendant. ECF No. 41-2 at 2. And the presumption of regularity weighs in favor of assuming Agent Sanchez did his job properly. *Del Norte Cty.*, 732 F.2d at 1468 (9th Cir. 1984). Absent evidence to the contrary, the Court therefore finds the unrebutted documentary evidence sufficient to conclude Defendant was advised of his right to seek asylum.

> **3. Defendant has not established that Agent Sanchez's failure to allow Defendant to withdraw his application for admission constituted a due process violation.**

Defendant also argues he was "not allowed to withdraw his 'application' and seek voluntary return." ECF No. 38 at 2. Every alien present in the United States who has not been admitted is considered an applicant for admission, even if they do not present themselves at a designated port of arrival. 8 U.S.C. § 1225(a)(1). Immigration officials may, in their discretion, allow certain aliens to "withdraw" this implied application and depart the country voluntarily, rather than be removed. *Id.* § 1225(a)(4). The decision to grant this relief is vested to the discretion of the immigration officer—it is not a right that may be invoked by the alien. 8 C.F.R. § 1235.4 ("[N]othing in this section shall be construed as to give an alien the right to withdraw his or her application for admission."). Accordingly, insofar as Defendant suggests he was *deprived* of this right, his argument is without merit.

Defendant's motion to dismiss also appears to argue that the failure to *advise* him about the possibility of withdrawal deprived him of due process. *See* ECF No. 38 at 2. In other words, Defendant argues Agent Sanchez should have told him about the possibility of withdrawal—or perhaps notified him that he could request relief—even though he had no right to demand it. Defendant offers no legal support for this argument, and the Court was unable to locate any. In *Raya-Vaca*, the Ninth Circuit expressly declined to reach the issue of whether an alien is "constitutionally entitled to other protections—namely, the right to be *advised* of potential relief." *Raya-Vaca*, 771 F.3d at 1206 (emphasis added).

In the absence of a clear statutory or regulatory basis for such a right, the Court declines to recognize one. An alien's due process rights are limited to those expressly provided for by Congress or the agencies to which it delegates authority. *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1218 (9th Cir.), *as amended on denial of reh'g and reh'g en banc*, 308 F.3d 934 (9th Cir. 2002). In other words, "when Congress enacts a procedure, aliens are entitled to it." *Barajas-Alvarado*, 655 F.3d at 1084 (citing *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950)). As to the issue of withdrawal, Congress provided for a form of limited relief which is wholly within the investigating border agent's discretion to grant or withhold, and the implementing regulations expressly state that an alien has no right to demand that relief. 8 U.S.C. § 1225(a)(4); 8 C.F.R. § 1235.4. Nothing in the

regulatory or statutory scheme, however, supports recognition of the peripheral right for an alien to be advised about the mere *possibility* of withdrawal or to be prompted to request it. *See Pazcoguin*, 292 F.3d at 1218; *Barajas-Alvarado*, 655 F.3d at 1084. Accordingly, Defendant has failed to establish a violation of his due process rights in this respect.

### 4. Defendant has failed to show that Agent Sanchez's failure to advise him of the right to judicial or administrative review was a violation of his right to due process.

Finally, Defendant argues "he was never informed of his right to seek review." ECF No. 38 at 2. The hallmark of expedited removal is the unavailability of judicial or administrative review. *See* 8 U.S.C. §§ 1225(b)(1)(A)(i), (b)(1)(C), (b)(1)(A)(i); *see also Raya-Vaca*, 771 F.3d at 1202. Because Defendant was only entitled to those rights expressly created by statute or regulation, he has failed to establish that Agent Sanchez's failure to advise him of the right to seek review constituted a violation of his right to due process. *Pazcoguin*, 292 F.3d at 1218; *Barajas-Alvarado*, 655 F.3d at 1084.

## CONCLUSION

Defendant has failed to establish that any portion of the 2008 expedited removal proceedings amounted to a violation of his right to due process. He has thus not met his burden of establishing that the 2008 order of expedited removal is unable to act as the predicate to this § 1326 prosecution. The motion is denied.

Accordingly, **IT IS HEREBY ORDERED:**

Defendant's Motion and Memorandum Re: Dismiss Indictment, **ECF No. 38**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 13th day of December 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER MEMORIALIZING COURT'S ORAL RULING ON DEFENDANT'S MOTION TO DISMISS **-** 11