FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE LANDIN-RAMOS,<br><br>Defendant. | No. 4:19-cr-06028-SMJ<br><br>**PROTECTIVE ORDER** |

Before the Court, without oral argument, are the Government's Motion for Protective Order, ECF No. 69, and related motion to expedite, ECF No. 70. The Government notes that it must disclose information in the personnel file of a potential witness, Deportation Officer E.Q., in order to meet its disclosure obligations. ECF No. 69 at 2–3. The Government, therefore, seeks a protective order restricting the use of information contained in that personnel file. *Id.* Having reviewed the file and relevant legal authorities, the Court is fully informed and finds that a protective order is necessary in this case.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Further, government employees generally have a privacy interest

PROTECTIVE ORDER **-** 1

in any file with reports on an investigation that could lead to the employee's discipline or censure. *See Hunt v. FBI*, 972 F.2d 286, 288 (9th Cir. 1992) (citing *Dep't of the Air Force v. Rose*, 425 U.S. 352, 376–77 (1976)). Law enforcement officers in particular have a recognized privacy interest in their personnel files. *See Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. 2011).

The Government asserts it must disclose information in E.Q.'s personnel file that may be used at trial for the limited purpose of impeachment. ECF No. 69 at 3; *see also United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991) (requiring disclosure of impeachment evidence). However, E.Q. has a privacy interest in the contents of her personnel file. *See Hunt*, 973 F.2d at 288; *Dowell*, 275 F.R.D. at 617. The Government has tailored a restriction on the use of E.Q.'s personnel file that will protect E.Q.'s privacy interest while providing the necessary disclosure to Defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion for Protective Order, **ECF No. 69**, and related motion to expedite, **ECF No. 70**, are **GRANTED**.
2. The Government shall provide the materials from E.Q.'s personnel file it believes it may be obligated to disclose under applicable law to Defense counsel.

//

3. Defense counsel may possess, but may not copy, any materials from E.Q.'s personnel file.

4. Defense counsel may show to, and discuss with, the Defendant any materials from E.Q.'s personnel file.

5. Defense counsel shall not provide originals or copies of materials from E.Q.'s personnel file to the Defendant.

6. Defense counsel shall not otherwise provide originals or copies of any materials from E.Q.'s personnel file to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of this Protective Order.

7. The United States, defense counsel, and witnesses may reference the existence and content of any materials from E.Q.'s personnel file in open and closed court proceedings relevant to the above-captioned case; provided, however, any reference to the content of any

//
//
//
//

materials from E.Q.'s personnel file shall be filed under seal.

8. The parties may seek relief from this Order for good cause shown.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 7th day of January 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge